# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                **PLAINTIFF/RESPONDENT**

**V.**                              **CASE NO. 5:14-CR-50033-002**

**JONNI DIAZ**                                           **DEFENDANT/PETITIONER**

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is the Report and Recommendation ("R&R") (Doc. 83) filed in this case on April 29, 2016, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. On May 18, 2016, Defendant/Petitioner Jonni Diaz timely filed Objections (Doc. 85) to the R&R, and the Court undertook a *de novo* review of the record pursuant to 28 U.S.C. § 636(b)(1)(C). For the reasons explained herein, the Court will **ADOPT** the R&R in its entirety and **DENY** Ms. Diaz's Motion to Vacate (Doc. 58) under 28 U.S.C. § 2255.

## I. BACKGROUND

Ms. Diaz pleaded guilty on August 13, 2014, to Count Two of the Indictment (Doc. 13), charging her with aiding and abetting the distribution of methamphetamine. She appeared with her Court-appointed counsel, Ms. Sammi Wilmoth, for the change of plea hearing. Then, on January 27, 2015, Ms. Diaz and her counsel appeared before the Court for sentencing. Prior to the sentencing hearing, Ms. Wilmoth had, on behalf of Ms. Diaz, filed objections to the Presentence Investigation Report ("PSR") in order to correct certain factual details. However, none of these objections affected the Guideline range of imprisonment, which was determined to be 168 to 210 months.

During the sentencing hearing, Ms. Diaz stated on the record that she was satisfied with her counsel's representation. She was sentenced below the Guidelines to 120 months imprisonment. *See* Doc. 50, p. 2. She also was ordered to serve the statutory minimum term of supervised release of three years and pay a below-the-Guidelines fine of $1,000.00, along with the mandatory special assessment of $100.00. *Id.* at p. 3. The Statement of Reasons explains that the Court varied downward in imposing Ms. Diaz's sentence because "[r]elatively speaking, the defendant's role in comparison to that of her husband was less, and she should receive a lesser term of imprisonment." *See* Doc. 51, p. 3. Ms. Diaz did not appeal the Judgment but instead filed a Motion to Vacate (Doc. 58) on September 25, 2015, arguing that her counsel was ineffective for failing to seek a sentencing reduction for minor or mitigating role, as provided at U.S.S.G. § 3B1.2.

Ms. Diaz contends that "[a]t bottom, [she] believed she had no other choice but to take the plea offer and her attorney assured her she would get some kind of reduction based on her minor role in the offense." (Doc. 58, pp. 18-19). Below, the Court addresses Ms. Diaz's objections in turn.

## II. DISCUSSION

Ms. Diaz's first objection is that Magistrate Judge Ford failed to give her pleadings the appropriate level of consideration due to a *pro se* litigant. This objection is overruled, as the R&R clearly acknowledges the fact that Ms. Diaz is a *pro se* litigant, and it appropriately interprets her pleadings liberally.

Her second objection is that her attorney had "the burden of proving that she was entitled to a mitigating role adjustment" and failed to meet that burden. (Doc. 85, p. 2).

Ms. Diaz believes she was plainly among the least culpable of those involved in the drug enterprise at issue in her case, and that she was entitled to a Guideline role reduction because of her lack of knowledge of the scope and structure of the enterprise and of the activities of others in the enterprise. A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To establish such a claim, Ms. Diaz must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, under the "deficient performance" component, she must show that her counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [her] by the Sixth Amendment." *Id*. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations omitted). Second, under the "prejudice" component, she must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

With respect to the first prong of the *Strickland* test, Ms. Diaz has failed to establish that it was objectively unreasonable for her counsel to choose not to seek a mitigating or minor role adjustment under the Guidelines and instead argue in favor of a downward variance for her role in the offense. Considering the facts Ms. Diaz pleaded guilty to at her change of plea hearing,[1] it was reasonable for her counsel to pursue the course of action

---

[1] The Court does not consider Ms. Diaz to have made a specific objection to Judge Ford's finding that she knowingly and voluntarily entered a guilty plea. But to the extent such an objection could be construed, the Court agrees with Judge Ford that Ms. Diaz's admissions of guilt in her sworn plea agreement, as well as her oral statements made under oath during the plea hearing, indicate that she received counsel from her attorney prior to pleading guilty and understood the consequences of her plea. Her averments to the

3

she did. Although Ms. Diaz maintains that she was entitled to a mitigating or minor role adjustment, as in her view, she was "[v]ery clearly . . . not a drug dealer" and would not have faced criminal charges "had she not been in the car" during the transaction that prompted her arrest, see Doc. 58, p. 20, these claims are contrary to the facts she admitted in her plea agreement. First, Ms. Diaz admitted to aiding and abetting in the distribution of methamphemine in Northwest Arkansas—not simply by participating in a single transaction, but by "occasionally accompan[ying] Andres Diaz during drug transactions that he conducted with other individuals," sometimes "help[ing] in some of the transactions by carrying the methamphetamine to the drug deals and once accept[ing] money from another individual to pay for methamphetamine." (Doc. 29, p. 3). Second, the Eighth Circuit has held that even if Ms. Diaz's involvement in the drug enterprise could be characterized as that of a drug mule or courier, this "does not necessarily entitle [her] to a 'minor participant' reduction." *United States v. Snoddy*, 139 F.3d 1224, 1228 (8th Cir. 1998) (reviewing other Eighth Circuit cases in which the Court upheld the denial of minor or mitigating role reductions). Accordingly, the Court finds that, under the facts of Ms. Diaz's case, it was not objectively unreasonable for her attorney to make the tactical decision to advocate in favor of a downward variance, rather than a mitigating or minor role reduction.

---

contrary in her Motion to Vacate are unavailing. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

4

Even if Ms. Diaz has satisfied the first *Strickland* prong, she fails to meet the second prong, as she cannot show she was prejudiced by her counsel's decision. According to the PSR, Ms. Diaz was held accountable for her knowledge of and/or personal involvement in a number of different drug transactions. (Doc. 38, p. 8). She was also held accountable for a quantity of methamphetamine found in her residence, which she shared with her husband. *Id.* Based on the total drug quantity attributable to Ms. Diaz, her base offense level was determined to be a 36. *See* Doc. 38, pp. 9. Her criminal history placed her in category III. *Id.* at p. 12. After receiving a three-level decrease in her base offense level for acceptance of responsibility, Ms. Diaz's Guideline range of imprisonment was 168-210 months. Based on her counsel's oral argument at sentencing that Ms. Diaz was entitled to a downward variance due to her role in the offense, her sentence was significantly reduced to 120 months—equivalent to a three-level decrease of 48 months. Under these facts, Ms. Diaz cannot show that her counsel's decision-making actually prejudiced her. The objection as to ineffective assistance is therefore overruled.

Ms. Diaz's third and final objection is that she was entitled to an evidentiary hearing on her Motion to Vacate, but the Magistrate Judge refused to give her one. This objection is overruled, as the Court agrees with Judge Ford that all claims were capable of full and fair evaluation based on the existing record alone.

### III. CONCLUSION

For the reasons stated herein, the Report and Recommendation (Doc. 83) is **APPROVED AND ADOPTED IN ITS ENTIRETY**, and Defendant/Petitioner Jonni Diaz's Motion to Vacate (Doc. 58) is **DENIED**. Judgment will enter separately this day.

**IT IS SO ORDERED** on this 27th day of September, 2016.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE